# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

CYRUS C. FUDGE,  :
      Petitioner,  :
      VS.  :    **7 : 10-CV-43 (HL)**
DAVID FRAZIER, Warden,  :
      Respondent.  :

## RECOMMENDATION

Presently pending in this § 2254 action is Respondent's Motion to Dismiss this federal habeas Petition as untimely filed (Doc. 12). Respondent contends that Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The Petition was signed on April 27, 2010, and filed on April 30, 2010 (Doc. 1).

On June 27, 1995, Petitioner pled guilty to: felony murder, for which he was sentenced to life in prison; two counts of armed robbery and two counts of aggravated assault, for which he was sentenced to twenty (20) years on each count, to be served consecutively; and one count of arson, for which Petitioner was sentenced to ten years, to run concurrently. Petitioner did not appeal his guilty plea conviction or sentencing.

On February 26, 2004, Petitioner filed his state habeas petition in the Superior Court of Macon County (Doc. 15-1). After an evidentiary hearing was held, the petition was denied (Doc. 15-2). Petitioner filed an application for a certificate of probable cause to appeal the denial, which was denied on April 20, 2009 (Doc. 15-3).

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas

petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

In *Wilcox v. Florida Dep't. of Corrections*, 158 F.3d 1209 (11th Cir. 1998), the Eleventh Circuit established a one-year grace period for prisoners whose convictions became final prior to the AEDPA's effective date of April 24, 1996. Thus, these prisoners were allowed one year, or until April 23, 1997, to file a federal habeas petition attacking their conviction. *Id.*; *see also Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998).

Petitioner filed this habeas Petition challenging his June 27, 1995 guilty plea. Petitioner did not file a direct appeal of his guilty plea, making the judgment of conviction final on July 27, 1995, the date on which the 30-day period for filing a notice of appeal expired.[1] As Petitioner's conviction became final prior to the passage of the AEDPA, Petitioner had until April 23, 1997 in which to file this federal Petition or toll the limitations period by properly filing an application for state post-conviction or other collateral review. *Wilcox*, 158 F.3d at 1209.

Petitioner did not file his state habeas petition until February 26, 2004 (Doc. 15-1), which was about six years and ten months after Petitioner's federal habeas period of limitations ran. The tolling provision of § 2244(d)(2) therefore does not protect Petitioner. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011). Petitioner asserts that he received a severe head injury on June 22, 2009, which delayed the filing of this federal habeas Petition (Doc. 14-1). However, as noted above, the limitations period ran years before Petitioner received his injuries, and could not have been the cause of Petitioner's failure to file his federal habeas Petition or toll

---

[1]Although Georgia law does not provide an absolute right to a direct appeal from a judgment of conviction and sentence entered on a guilty plea, had Petitioner wished to pursue a discretionary appeal, his appeal would have been governed by the thirty (30) day deadline set out in O.C.G.A. § 5-6-38.

the limitations period. As Petitioner did not file a habeas petition until more than one year after April 24, 1996, his federal habeas Petition is untimely.

Accordingly, it is the recommendation of the undersigned that Respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 18th day of April, 2011.

s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

llf